UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                              Case No. 17-CR-20749
                                              Honorable Thomas L. Ludington

JEFFREY S. HARRIS,

          Defendant.
_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE AND DENYING REQUEST FOR DEFAULT**

On May 3, 2018, Defendant Jeffrey S. Harris pled guilty to one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). ECF No. 23. On August 2, 2018, he was sentenced to 180 months imprisonment. ECF No. 27. Defendant is currently housed at Federal Medical Center Rochester ("FMC Rochester") in Minnesota.

On May 8, 2020, Defendant filed a motion for compassionate release based on the COVID-19 pandemic and his health condition. ECF No. 42. The motion was not docketed until July 7, 2020 due to COVID-19-related mail delays, but, consistent with 20-AO-26, the postmarked date of May 8, 2020 was used for filing. On July 6, 2020, Defendant filed another motion for compassionate release which, in effect, supplemented his previous motion. ECF No. 41. On August 12, 2020, Plaintiff the United States of America (the "Government") was ordered to respond to Defendant's motion. ECF No. 43. Plaintiff so responded on August 14, 2020. ECF No. 44. Defendant filed his reply on August 31, 2020. ECF No. 45. Defendant also requested a "default" on September 4, 2020. ECF No. 46. For the reasons stated below, Defendant's motion for compassionate release and request for default will be denied.

**I.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the Bureau of Prisons (the "BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the BOP or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). On April 7, 2020, Defendant submitted a written request for compassionate release to Warden S. Kallis. ECF No. 42 at PageID.191. The Warden denied his request on June 4, 2020, stating that Defendant failed to meet BOP criteria. ECF No. 41 at PageID.185. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Defendant's underlying offense is receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). ECF No. 23. Child pornography is a serious offense, and

Defendant has only served a fraction of his 180-month sentence. Additionally, this was not Defendant's first child pornography offense. According to his Presentence Investigation Report, Defendant was convicted of two earlier child pornography offenses in 2004 and 2006. Furthermore, as explained in Section I.C.2. below, Defendant's repeated child pornography offenses demonstrate that he would be a danger to others or the community if released. Accordingly, under the § 3553 factors, Defendant is not entitled to a sentence reduction.

## C.

The next inquiries to be resolved are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13, which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Defendant has failed to demonstrate that he has an extraordinary and compelling reason for release and that he would not pose a danger to others or the community.

## 1.

The commentary of the policy statement provides additional guidance about which circumstances qualify as extraordinary and compelling reasons. It provides:

- 4 -

[E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.--

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is--

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.--

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Defendant argues that his poor health condition, coupled with the risk of contracting COVID-19, qualifies as an "extraordinary and compelling" reason for release. Subsection (A) requires that Defendant suffer from either a "terminal illness" or a "serious physical or medical condition" that "substantially diminishes" his ability to provide self-care within the custodial environment. U.S.S.G. § 1B1.13. Defendant, a 56-year-old male, has not identified any "terminal illness" or "serious physical or medical condition" that he suffers from, nor has he stated any risk factor for COVID-19 other than his age. *See* ECF Nos. 41, 42, 45. Instead, Defendant bases his motion on unspecified "age-related ailments," his "frail frame," and a family history of cancer and cardiac diseases. ECF No. 42 at PageID.188. Obesity is a known risk factor for COVID-19, but Defendant has not explained why a slim or "frail" body type should be treated similarly. Furthermore, while Defendant's age puts him at an elevated risk of contracting severe symptoms from COVID-19, "[a]n elevated risk of developing the more severe symptoms of COVID-19" is not "akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (denying compassionate release where defendant suffered from obesity and hypertension). Similarly, Defendant's nondescript "age-related ailments" and family history of cancer and cardiac conditions, without more, are insufficient under subsection (A). Consequently, Defendant's health condition is not extraordinary and compelling under subsection (A).

Subsection (B) is also inapplicable because Defendant is only 56 years old. Similarly, Defendant does not qualify under subsection (C) because Defendant has no spouse or children. Accordingly, Defendant has not stated an extraordinary or compelling reason for release that is cognizable under the policy statement commentary.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142(g). These factors support the conclusion that Defendant would be a danger to others or the community if released. In addition to the underlying conviction, Defendant has two prior convictions for receipt of child pornography, one from federal court and one from state court. The federal conviction stems from his purchase of a child pornographic videotape from an undercover United States Postal Inspector in May 2003. A search executed after Defendant's receipt of the videotape revealed that Defendant had thousands of child pornographic images stored on devices throughout his home. Defendant was arrested in April 2004 and later, in 2006, pled guilty to one count of receipt of child pornography. He was sentenced to 60 months in custody and 36 months of supervised release.

Defendant's state conviction derives from conduct revealed during an interview with law enforcement. Shortly after he was arrested in April 2004, Defendant was interviewed by the Michigan State Police. While being interviewed, Defendant admitted that he had traveled abroad with a man who filmed child pornography. He denied any part in production of the pornography but admitted that he viewed child pornography online. Defendant was subsequently charged with one count of possession of child sexually abusive material and one count of using computers to commit a crime. Defendant was convicted in May 2004. He was paroled for the state conviction in 2009, and his supervised release on the federal conviction began in 2011.

Defendant was discharged from supervised release in 2014. In 2017, Defendant was arrested for and later convicted of the underlying offense here: receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). Defendant was arrested after witnesses saw him watching child pornography at a Central Michigan University library. Police subsequently searched his vehicle and residence and found thousands of child pornographic images stored on electronic devices.

Defendant emphasizes that his criminal history has been "non-violent," but "[t]he concern about safety is to be given a broader construction than the mere danger of physical violence." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989). Based on his repeated victimization of children, "[t]he weight of the evidence suggesting that [Defendant] will pose a danger to the community is indisputable." *United States v. McGowan*, No. 20-1617, 2020 WL 3867515, at *3 (6th Cir. July 8, 2020) (finding that the defendant posed a danger to the community under § 3142(g) where "he used dozens of devices and several false user identities to entice minors to engage in sexual conduct and transmit those images to him; his conduct spanned a multi-year period; he did not curb his conduct, even after discovery; and his conduct occurred from the safety of his home").

Moreover, Defendant has failed to mitigate any of the above-listed concerns. He claims that he inherited property from his uncle after entering custody and that, upon release, he will "resume writing [his] book" and "readily find work." ECF No. 41 at PageID.184. He offers no further details as to how he would support himself or alter the circumstances that preceded his previous convictions. According to his Presentence Investigation Report, Defendant was homeless and unemployed at the time he was arrested for the underlying offense. In the past, Defendant has supported himself by working jobs that involve responsibility over children, such as substitute teaching or summer camp counseling. Accordingly, there is convincing evidence that, if released, Defendant would pose a danger to others or the community.

## II.

Defendant also requests a "default," asserting that the Government failed to respond to this Court's order directing a response. ECF No. 56. However, the Government did respond on August 14, 2020, and a certificate of service was included with the response. EECF No. 44 at PageID.223. In any case, no default can be entered against the Government for failure to respond to a motion for compassionate release. Defendant's request will be denied.

## III.

Accordingly, it is **ORDERED** that Defendant Jeffrey S. Harris' motion for compassionate release, ECF Nos. 41, 42, is **DENIED WITH PREJUDICE.**

It is further **ORDERED** that Defendant's request for a default, ECF No. 46, is **DENIED.**

Dated: September 15, 2020         s/Thomas L. Ludington
                                  THOMAS L. LUDINGTON
                                  United States District Judge

- 10 -

> PROOF OF SERVICE
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Jeffrey S. Harris** #26326-039, Federal Medical Center, PMB 4000, Rochester, MN 55903-4000 by first class U.S. mail on September 15, 2020.
>
> s/Kelly Winslow
> KELLY WINSLOW, Case Manager